1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTI CALKINS,

11              Plaintiff,                    No. CIV S-08-2385 KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.              ORDER
     _____/
16

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

19   Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

20   ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

21   summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand

22   this matter under sentence four of 42 U.S.C. § 405(g).

23   /////

24   /////

25   /////

26   /////

I. <u>Factual and Procedural Background</u>

In a decision dated February 25, 2008, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of degenerative disc disease of the lumbar spine, spondylosis and herniated disc, adjustment disorder with depressed mood, generalized anxiety disorder with rule out pain disorder associated with both psychological factors and a general medical condition, and obesity, but these impairments do not meet or medically equal a listed impairment; plaintiff can perform light work limited to the performance of simple, routine tasks; plaintiff is not fully credible; and using the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  <u>Bowen</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id</u>.

1   Medical-Vocational Guidelines rule 202.21, plaintiff is not disabled.  Administrative Transcript

2   ("AT") 18-27.  Plaintiff contends the ALJ improperly rejected the opinion of her treating

3   physicians, improperly discredited her testimony, and the residual functional capacity finding

4   was not based on substantial evidence.  Plaintiff's first contention is dispositive of this matter.

5   II.  Standard of Review

6           The court reviews the Commissioner's decision to determine whether (1) it is

7   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

8   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

9   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

10  Substantial evidence means more than a mere scintilla of evidence, but less than a

11  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

12  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

14  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

15  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

16  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

17  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

18  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

19  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

20  substantial evidence supports the administrative findings, or if there is conflicting evidence

21  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

22  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

23  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

24  1335, 1338 (9th Cir. 1988).

25  /////

26  /////

3

III.  Analysis

Plaintiff, who alleges onset of disability in October 2003, contends the ALJ improperly rejected the opinion of her treating physicians.[2]  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

---

[2]  The ALJ rejected the opinions of Drs. Nagel, Altman and Terran.  The court finds no basis for reversal in the weight the ALJ accorded to the opinion of Dr. Nagel, who opined plaintiff was disabled from her occupation as a certified nurse's assistant.  AT 274, 304-305.  The ALJ appropriately relied on the state agency physician opinions and other medical record evidence in concluding plaintiff was not disabled from all occupations, at least to the date of the state agency opinions.  AT 259-266, 280-287.

In a physical residual functional capacity evaluation, dated November 7, 2007, plaintiff's treating physician, Dr. Altman, opined that plaintiff could sit or stand/walk for one hour, plaintiff's attendance at work would be inconsistent due to reasonably expected exacerbation of her condition, and that plaintiff could never lift in excess of ten pounds. AT 217-219. Dr. Altman noted plaintiff has severe pain in her neck and back and suffered severe emotional distress and depression due to her father's killing her mother and then himself. AT 217. Dr. Altman cited X-rays and MRI results in support of the limitations. Id. Dr. Altman did not opine as to an onset date of disability.

The ALJ accorded no evidentiary weight to Dr. Altman's opinion on the basis that plaintiff saw Dr. Altman only sporadically between March 2004 and October 2007, and because there were no significant findings in Dr. Altman's records and he did not make a referral to a specialist. AT 22-23. The ALJ accorded significant weight instead to the opinions of the state agency physicians issued in April 2006 and September 2005. AT 23, 259-266, 280-287. After review of the entire record, the court finds the ALJ's reasons for according no evidentiary weight to Dr. Altman's opinion are not specific and legitimate reasons supported by substantial evidence.

Specifically, the ALJ's conclusion that plaintiff saw Dr. Altman only sporadically is not supported by substantial evidence. Plaintiff was seen initially by Dr. Altman in 2004 for two visits at which she received prescriptions and injections for back pain; thereafter, she was seen by Dr. Nagel. AT 226, 236-237, 267, 270-277. She then began treating with Dr. Altman on a regular basis beginning in September 2006 to October 3, 2007, with at least fifteen visits, albeit with a gap in treatment between January 25, 2007 and May 30, 2007. AT 228-235. However, in characterizing plaintiff's treatment as "sporadic," the ALJ appears not to have given consideration to the severe emotional shock plaintiff suffered in March 2007 when her father killed her mother and then himself. See, e.g., AT 209. Also, although the ALJ is correct that Dr. Altman did not make a referral to a specialist, the ALJ's conclusion that plaintiff's symptoms

5

1  were not deemed of sufficient severity to require referral to a specialist is undermined by the

2  referral made by Dr. Garrison to pain specialist Dr. Cullen, in late 2003.  AT 430-434.  Contrary

3  to the ALJ's conclusion that there were no significant findings, the medical record includes

4  significant findings in the 2003 MRI and the significant finding in May 2006 that no reflexes

5  could be elicited bilaterally and there was positive leg raise sign to the level of mid thigh.  AT

6  226, 377-378.

7        The ALJ's reliance on the opinions of the state agency physicians in finding

8  plaintiff was not disabled for some time prior to the date of Dr. Altman's opinion was

9  appropriate.  However, while the ALJ references plaintiff's mental health treatment in late 2007,

10  the ALJ failed to consider the significance of the timing of the various medical record opinions.

11  Given the apparent deteriorating condition of plaintiff's physical and psychiatric condition, the

12  ALJ erred in rejecting Dr. Altman's later opinion in favor of the state agency physicians who

13  rendered their opinions on much earlier dates and who did not have available for review the later

14  medical records.  Similarly, the ALJ's reliance on the consultative opinion of examining

15  psychiatrist Dr. Azevedo, who examined plaintiff in December 2006, as a basis for rejecting the

16  opinion of Dr. Terran, who rendered her November 2007 opinion after plaintiff experienced

17  severe emotional trauma in March 2007, cannot be sustained.  AT 220-224, 254-258.  The ALJ

18  also erred in failing to consider a later onset date[3] and in failing to obtain a consultative physical

19  examination[4] and further consultative psychiatric examination to determine whether a later onset

20  date was appropriate.

21        For the foregoing reasons, this matter will be remanded under sentence four of 42

22  U.S.C. § 405(g) for further development of the record and further findings addressing the

23  deficiencies noted above.

24

        [3] Plaintiff's date of last insured is September 30, 2008.  AT 413.

25

26        [4] Given the cryptic nature of Dr. Altman's notes, contacting the provider for a further
explanation of the basis of Dr. Altman's assessment would also be appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment is denied;

2.  The Commissioner's cross-motion for summary judgment is denied; and

3.  This matter is remanded for further proceedings consistent with this order.

DATED:  March 29, 2010.

_____
U.S. MAGISTRATE JUDGE

006
calkins.ss